# EXHIBIT A

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division: ELLEN LEVY SIWAK | Case Number: 15SL-CC00541 |
|---|---|
| Plaintiff/Petitioner: SUZANNE DEGNEN, D.M.D., P.C. DBA: SUNSET TOWER FAMILY DENTISTRY vs. | Plaintiff's/Petitioner's Attorney/Address: RONALD JAY EISENBERG 640 CEPI DRIVE SUITE A CHESTERFIELD, MO 63005 |
| Defendant/Respondent: DENTALFIX RX LLC DBA: DENTAL FIX RX | Court Address: ST LOUIS COUNTY COURT BUILDING 105 SOUTH CENTRAL AVENUE CLAYTON, MO 63105 |
| Nature of Suit: CC Injunction | |

8-5-15 6:45pm AR443

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: DAVID ANTHONY LOPEZ
Alias:

5742 SW 130TH AVE
SOUTHWEST RANCHES, FL 33330

COURT SEAL OF

ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

15-JUL-2015
Date

Clerk

Further Information:
TLC

### Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is ______________ of ______________ County, ______________ (state).
3. I have served the above summons by: (check one)
   - ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with ______________, a person of the Defendant's/Respondent's family over the age of 15 years.
   - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to ______________ (name) ______________ (title).
   - ☐ other (describe) ______________.

Served at ______________ (address)
in ______________ County, ______________ (state), on ______________ (date) at ______________ (time).

______________ Printed Name of Sheriff or Server

______________ Signature of Sheriff or Server

Subscribed and Sworn To me before this ________ (day) ________ (month) ________ (year)

I am: (check one)
- ☐ the clerk of the court of which affiant is an officer.
- ☐ the judge of the court of which affiant is an officer.
- ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

______________ Signature and Title

**Service Fees, if applicable**

Summons $______________
Non Est $______________
Mileage $______________ (______________ miles @ $ ________ per mile)
Total $______________

See the following page for directions to clerk and to officer making return on service of summons.



EXHIBIT A

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

3:25PM 8/5/15 CPS#1056

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ELLEN LEVY SIWAK | **Case Number: 15SL-CC00541** |
| Plaintiff/Petitioner:<br>SUZANNE DEGNEN, D.M.D., P.C.<br>DBA: SUNSET TOWER FAMILY DENTISTRY<br>**vs.** | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO 63005 |
| Defendant/Respondent:<br>DENTALFIX RX LLC<br>DBA: DENTAL FIX RX | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Injunction | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to: DENTALFIX RX LLC**
**Alias:**
**DBA: DENTAL FIX RX**

**ROBERT EINHORN, REGISTERED AGENT**
**100 SE 2ND ST., STE. 2700**
**MIAMI, FL 33131**

**DAVID LOPEZ, CHIEF EXEC OFFICER/MEMBER**
**5742 SW 130TH AVE**
**SOUTHWEST RANCHES, FL 33330**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.**

**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

**15-JUL-2015**
**Date**
**Further Information:**
**TLC**

[signature] Clerk

### Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is ______________________ of ______________ County, ______________ (state).
3. I have served the above summons by: (check one)
   - ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with ______________________, a person of the Defendant's/Respondent's family over the age of 15 years.
   - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to ______________________ (name) ______________________ (title).
   - ☐ other (describe) ______________________.

Served at ______________________________________________ (address)
in ______________ County, ______________ (state), on ______________ (date) at ______________ (time).

______________________ Printed Name of Sheriff or Server

______________________ Signature of Sheriff or Server

**Subscribed and Sworn To** me before this ________ (day) ____________ (month) ________ (year)

I am: (check one)
- ☐ the clerk of the court of which affiant is an officer.
- ☐ the judge of the court of which affiant is an officer.
- ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

______________________ Signature and Title

**Service Fees, if applicable**

| | |
|---|---|
| Summons | $_______________ |
| Non Est | $_______________ |
| Mileage | $_______________ (_____________ miles @ $ _______ per mile) |
| **Total** | $_______________ |

**See the following page for directions to clerk and to officer making return on service of summons.**

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

**Selecting an Alternative Dispute Resolution Procedure and a Neutral**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

Electronically Filed - St Louis County - July 01, 2015 - 03:26 PM

**IN THE MISSOURI CIRCUIT COURT**
**FOR THE TWENTY-FIRST JUDICIAL CIRCUIT**
**COUNTY OF ST. LOUIS**

| | | |
|---|---|---|
| **SUZANNE DEGNEN, D.M.D., P.C. d/b/a SUNSET TOWER FAMILY DENTISTRY,** | ) | |
| **Plaintiff,** | ) | **Case No. 15SL-CC00541** |
| **v.** | ) | **Division: 11** |
| **DENTALFIX RX LLC d/b/a DENTAL FIX RX,** | ) | **JURY TRIAL DEMANDED** |
| **Serve:**<br>**Robert Einhorn, Reg. Agent**<br>**100 SE 2nd St., Ste. 2700**<br>**Miami, FL 33131**<br>**Or**<br>**David Lopez**<br>**Chief Exec. Officer/Member**<br>**5742 SW 130th Ave.**<br>**Southwest Ranches, FL 33330** | ) | |
| **DAVID ANTHONY LOPEZ**<br>**Serve:**<br>**5742 SW 130th Ave.**<br>**Southwest Ranches, FL 33330**<br>**and** | ) | |
| **JOHN DOES 1-10,**<br>**Defendants.** | ) | |

**AMENDED CLASS ACTION JUNK-FAX PETITION**

Plaintiff Suzanne Degnen, D.M.D., P.C. d/b/a Sunset Tower Family Dentistry brings this junk-fax class action, on behalf of itself and all others similarly situated, against Defendants Dentalfix RX LLC d/b/a Dental Fix RX, David Anthony Lopez, and John Does 1-10 under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder ("TCPA").

Electronically Filed - St Louis County - July 01, 2015 - 03:26 PM

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Suzanne Degnen, D.M.D., P.C. d/b/a Sunset Tower Family Dentistry is a Missouri corporation with its principal place of business in St. Louis County, Missouri.

2. Defendant Dentalfix RX LLC d/b/a Dental Fix RX (Dental Fix) is a New Jersey limited liability company with its principal place of business in Davie, Florida.

3. Dental Fix is a mobile dental-equipment-repair franchisor with franchises throughout the United States, including in Missouri.

4. Dental Fix is not registered with the Missouri Secretary of State to transact business in Missouri.

5. Defendant David Anthony Lopez resides in Florida and his business card identifies him as Dental Fix's "Chief Executive Officer."

6. John Does 1-10 will be identified through discovery.

7. Dental Fix, according to its website, http://www.dentalfixrx.com/locations.html (last visited June 30, 2015), has a franchise owner in Missouri, Mike Swider, with phone number (800) 586-0340.

8. On information and belief, Mike Swider is a member of Swider & Son Enterprises LLC d/b/a Swider & Son Enterprises LLC dba Dental Fix Rx.

9. John Does 1 and 2 may later be identified as Mike Swider and Swider & Son Enterprises LLC d/b/a Swider & Son Enterprises LLC dba Dental Fix Rx, respectively.

Electronically Filed - St Louis County - July 01, 2015 - 03:26 PM

10. This Court has personal jurisdiction over Defendants under 47 U.S.C. § 227(b)(3), because Defendants sent at least one illegal fax into Missouri, Defendants transact business within this state, Defendants have made contracts within this state, Defendants have committed tortious acts within this state, including conversion of fax recipients' paper, ink, and toner, and/or Defendants otherwise have sufficient minimum contacts with this state.

11. Venue is proper under Missouri Revised Statutes § 508.010.2.

## THE FAX

12. On June 18, 2014, Defendants used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 849-1139 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 1** (the Fax), a smaller copy of which is copied below:

DENTAL FIX
Service, Supplies & Equipment

Dental Fix RX, the Faster Fix.

Call (800) 586-0340 or visit www.DentalFixRX.com

On-Site · On Call · On Time

- Handpieces
- Sterilizers
- Cavitrons
- Vacuum Pumps
- Compressors
- Reupholstery
- Chairs & Delivery Units
- Dental Instruments
- Film Processors
- X-Ray Systems
- Lab Equipment
- Equipment Sales

Ex. 1

Electronically Filed - St Louis County - July 01, 2015 - 03:26 PM

13. Plaintiff received the Fax through Plaintiff's facsimile machine.

14. The Fax constitutes material advertising quality or commercial availability of any property, goods, or services, including emergency service, on-site repairs of dental equipment, and "Equipment Sales."

15. On information and belief, Defendants have sent other facsimile transmissions of material advertising the quality or commercial availability of property, goods, or services to Plaintiff and to at least 40 other persons as part of a plan to broadcast fax advertisements, of which the Fax is an example.

16. Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent, and/or (d) determining the number and frequency of the facsimile transmissions.

17. Defendants had a high degree of involvement in, or actual notice of, the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

18. Defendants created or made the Fax and other fax advertisements, which they sent to Plaintiff and to other members of the "Class" as defined below.

19. The Fax, and the other similar or identical facsimile advertisements, is a part of Defendants' work or operations to market Defendants' products, goods, or services, which was sent by and on behalf of Defendants.

Electronically Filed - St Louis County - July 01, 2015 - 03:26 PM

20.   The Fax and the other facsimile advertisements constitute material furnished in connection with Defendants' work or operations.

21.   The Fax sent to Plaintiff, and the other facsimile advertisements sent by Defendants, did not contain a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements.

22.   Defendants' similar facsimile advertisements, including the Fax to Plaintiff, did not contain a notice stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful.

23.   The transmissions of facsimile advertisements, including the Fax, to Plaintiff, did not contain a notice that complied with 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii).

24.   The transmissions of facsimile advertisements, including the Fax, to Plaintiff was required to contain a notice that complied with the provisions of 47 U.S.C. § 27(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii).

25.   On information and belief, Defendants sent multiple facsimile advertisements to Plaintiff and members of the Class throughout the time period covered by the Class definition below.

26.   There is no reasonable means for Plaintiff or other Class members to avoid receiving unlawful faxes but to receive lawful faxes.

Electronically Filed - St Louis County - July 01, 2015 - 03:26 PM

27.    Defendants violated the TCPA by transmitting the Fax to Plaintiff and to the Class members by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4).

28.    Defendants knew or should have known that (a) facsimile advertisements, including the Fax, were advertisements and (b) Defendants' facsimile advertisements did not display a proper opt-out notice.

29.    Defendants failed to determine correctly the legal restrictions on the use of facsimile transmissions and the application of those restrictions to facsimile advertisements, including the Fax, both to Plaintiff and to the Class.

30.    The transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class caused unwanted use and destruction of their property, including toner or ink and paper, and caused undesired wear on hardware.

31.    The transmissions of facsimile advertisements, including the Fax, to Plaintiff and to Class interfered with their exclusive use of their property.

32.    The transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class interfered with their business and/or personal communications and privacy interests.

Electronically Filed - St Louis County - July 01, 2015 - 03:26 PM

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this class action on behalf of the following class of persons, hereafter, the "Class":

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants, (3) which (a) did not display a clear and conspicuous opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful, (b) lacked a telephone number for sending the opt-out request, or (c) lacked a facsimile number for sending the opt-out request.

34. Excluded from the Class are Defendants, their employees, agents, and members of the judiciary.

35. This case is appropriate as a class action because:

a. <u>Numerosity.</u> On information and belief, based in part on review of the sophisticated Fax and online research as to Defendants and their marketing practices, the Class includes at least 40 persons and is so numerous that joinder of all members is impracticable.

b. <u>Commonality.</u> Questions of fact or law common to the Class predominate over questions affecting only individual Class members, e.g.:

i. Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the commercial availability of any property, goods or services;

ii. Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the quality of any property, goods or services;

Electronically Filed - St Louis County - July 01, 2015 - 03:26 PM

iii. The manner and method Defendants used to compile or obtain the list of fax numbers to which Defendants sent the Fax and other unsolicited faxed advertisements;

iv. Whether Defendants violated 47 U.S.C. § 227;

v. Whether Defendants willingly or knowingly violated 47 U.S.C. § 227;

vi. Whether Defendants violated 47 C.F.R. § 64.1200;

vii. Whether the Fax, and the other fax advertisements sent by or on behalf of Defendants, displayed the opt-out notice required by 47 C.F.R. § 64.1200(a)(4);

viii. Whether the Court should award statutory damages;

ix. Whether the Court should award treble damages; and

x. Whether the Court should enjoin Defendants from sending TCPA-violating facsimile advertisements in the future.

c. Typicality. Plaintiff's claim is typical of the other Class members' claims, because, on information and belief, the Fax was substantially the same as the faxes sent by or on behalf of Defendants to the Class, and Plaintiff is making the same claim and seeking the same relief for itself and all Class members based on the same statute and regulation.

d. Adequacy. Plaintiff will fairly and adequately protect the interests of the other Class members. Plaintiff's counsel are experienced in class actions and TCPA claims. Neither Plaintiff nor Plaintiff's counsel has interests adverse or in conflict with the absent Class members.

e. Superiority. A class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of each individual Class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

Electronically Filed - St Louis County - July 01, 2015 - 03:26 PM

36. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1).

37. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

38. The TCPA provides:

> Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

47 U.S.C. § 227(b)(3)(A)-(C).

39. The TCPA also provides that that Court, in its discretion, may treble the statutory damages if a defendant "willfully or knowingly" violated Section 227(b) or the regulations prescribed thereunder.

40. "A facsimile broadcaster will be liable for violations of [Section 64.1200(a)(4)]. . . , including the inclusion of opt-out notices on unsolicited advertisements, if it demonstrates a high degree of involvement in, or actual

Electronically Filed - St Louis County - July 01, 2015 - 03:26 PM

notice of, the unlawful activity and fails to take steps to prevent such facsimile transmissions." 47 C.F.R. § 64.1200(a)(4)(vii).

41.     Because the TCPA is a strict liability statute; Defendants are liable to Plaintiff and the Class even if Defendants only acted negligently.

42.     Defendants' actions caused damage to Plaintiff and the Class, as

a.     receiving Defendants' faxed advertisements caused the recipients to lose paper and toner consumed in printing Defendants' faxes;

b.     Defendants' actions interfered with the recipients' use of the recipients' fax machines and telephone lines;

c.     Defendants' faxes cost the recipients time, which was wasted time receiving, reviewing, and routing the unlawful faxes, and such time otherwise would have been spent on business activities; and

d.     Defendants' faxes unlawfully interrupted the recipients' privacy interests in being left alone.

43.     Defendants intended to cause damage to Plaintiff and the Class, to violate their privacy, to interfere with the recipients' fax machines, or to consume the recipients' valuable time with Defendants' advertisements; therefore, treble damages are warranted under 47 U.S.C. § 227(b)(3).

44.     Defendants knew or should have known that (a) the Fax and the other facsimile advertisements were advertisements, and (b) the Fax and the other facsimile advertisements did not display an opt-out notice.

Electronically Filed - St Louis County - July 01, 2015 - 03:26 PM

45. Defendants violated the TCPA by transmitting the Fax to Plaintiff and substantially similar facsimile advertisements to the other Class members without obtaining their prior express permission or invitation and by not displaying the opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).

WHEREFORE, Plaintiff Suzanne Degnen, D.M.D., P.C. d/b/a Sunset Tower Family Dentistry, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants Dentalfix RX LLC d/b/a Dental Fix RX and John Does 1-10, jointly and severally, jointly and severally, as follows:

a. certify this action as a class action and appoint Plaintiff as Class representative;

b. appoint the undersigned counsel as Class counsel;

c. award damages of $500 per facsimile pursuant to 47 U.S.C. § 227(a)(3)(B);

d. award treble damages up to $1,500 per facsimile pursuant to 47 U.S.C. § 227(a)(3);

e. enjoin Defendants and their contractors, agents, and employees from continuing to send TCPA-violating facsimiles pursuant to 47 U.S.C. § 227(a)(3)(A);

f. award class counsel reasonable attorneys' fees and all expenses of this action and require Defendants to pay the costs and expenses of class notice and claim administration;

g. award Plaintiff an incentive award based upon its time expended on behalf of the Class and other relevant factors;

h. award Plaintiff prejudgment interest and costs; and

i. grant Plaintiff all other relief deemed just and proper.

Electronically Filed - St Louis County - July 01, 2015 - 03:26 PM

SCHULTZ & ASSOCIATES LLP

By: /s/ Ronald J. Eisenberg

Ronald J. Eisenberg, #48674
Robert Schultz, #35329
640 Cepi Drive, Suite A
Chesterfield, MO 63005-1221
(636) 537-4645
Fax: (636) 537-2599
reisenberg@sl-lawyers.com
rschultz@sl-lawyers.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The above-signed certifies that this pleading was filed through the eFiling system on July 1, 2015.

Jun. 18. 2014 1:46PM No. 2663 P. 2/2

Electronically Filed - St Louis County - July 01, 2015 - 03:26 PM

DENTAL Rx
FIX
TM
Service, Supplies & Equipment

# Dental Fix RX, the Faster Fix.

Dental Fix RX is a unique national concept that pairs highly-skilled technicians with fully-equipped state-of-the-art mobile service centers that deliver on-site, personalized service for all of your practice's equipment needs. With no charge for travel and free estimates, Dental Fix has taken the industry by storm and has proven its value to more than 7000 dental offices.

We understand that in your business time is money, which is why we provide the fastest emergency service and on-site repairs. Dental Fix RX is committed to reducing your down-time so you can keep your focus on your practice, not your equipment. When you use Dental Fix your equipment will last longer and run better.

## Call (800) 586-0340 or visit www.DentalFixRX.com

**On-Site • On Call • On Time**

- Handpieces
- Sterilizers
- Cavitrons
- Vacuum Pumps
- Compressors
- Reupholstery
- Chairs & Delivery Units
- Dental Instruments
- Film Processors
- X-Ray Systems
- Lab Equipment
- Equipment Sales

FREE ESTIMATES • FREE TRAVEL & ASSESSMENT

Ex. 1

EXHIBIT
A