UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUZANNE DEGNEN, D.M.D., P.C., d/b/a ) | |
| SUNSET TOWER FAMILY DENTISTRY, ) | |
| ) | |
| Plaintiff, ) | No. 4:15-CV-1372 JAR |
| ) | |
| v. ) | |
| ) | |
| DENTAL FIX RX LLC, d/b/a/ ) | |
| DENTAL FIX RX, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the following motions: Defendant David Anthony Lopez's Motion to Dismiss for Lack of Personal Jurisdiction or in the Alternative for Failure to State a Claim (Doc. No. 12); Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery and to Stay Briefing and Ruling on Defendant Lopez's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 16); Plaintiff's Motion for Class Certification (Doc. No. 25); and Defendant Dental Fix RX LLC's Motion to Stay (Doc. No. 21). The motions are fully briefed and ready for disposition.

Plaintiff, Suzanne Degnen, D.M.D., P.C. ("Plaintiff") brings this putative class action against Defendants Dental Fix Rx, LLC ("Dental Fix") and David Anthony Lopez ("Lopez"), Dental Fix's Chief Executive Officer, for alleged violations of the Telephone Consumer Protection Act of 1991, as amended by the "Junk Fax Act," 47 U.S.C. § 227 ("TCPA"), and specifically for sending a fax advertisement without a proper opt-out notice as required by 47

C.F.R. § 64.1200(a)(4). (Amended Class Action Junk-Fax Petition ("AC"), Doc. No. 8 at ¶¶ 12-27). The action was timely removed to this Court on September 3, 2015. (Doc. No. 1)

**Motion for class certification**

Plaintiff filed a motion for class certification with her state court complaint "to avoid any attempt by Defendants to "pick off" Plaintiff through an offer of judgment or individual settlement offer. (Doc. No. 25 at 2-3) (citing cases). The Court will deny the motion to certify without prejudice to refiling at the appropriate time. Any offer of judgment made only to the named Plaintiff before the Court rules on a motion for class certification filed in accordance with a case management order will be stricken. See Prater v. Medicredit, Inc., 301 F.R.D. 398, 401 (E.D. Mo. 2014); Johnson v. U.S. Bank Nat'l Ass'n, 276 F.R.D. 330, 334 (D. Minn. 2011).

**Motion to dismiss**

Defendant Lopez moves to dismiss the case against him for lack of personal jurisdiction under Rule 12(b)(2) and for failure to state a claim under Rule 12(b)(6). He argues he is not amenable to service under Missouri's long arm statute (Doc. No. 17 at 4-5) and lacks sufficient minimum contacts with Missouri to satisfy due process (id. at 5-8). Alternatively, Lopez argues Plaintiff's claim must be dismissed because Plaintiff fails to allege any wrongful conduct by him, other than the allegations that impermissibly lump him together with the other defendant, Dental Fix. (Id. at 9-10) In support of his motion to dismiss, Lopez submits his declaration stating that he has not directed any activities towards the State of Missouri or its residents. (Lopez Decl., Doc. No. 17-1 at ¶¶ 4, 5) He also states he did not: (i) create the subject fax; (ii) send the subject fax to Plaintiff's office; (iii) direct anyone to send the subject fax to Plaintiff's office; and/or (iv) have knowledge that the subject fax was sent to Plaintiff's office at the time it was sent. (Id. at ¶¶ 6, 7) Further, Lopez states he does not personally: (i) create any faxes similar to the subject fax

that are sent by Dental Fix; (ii) send any faxes similar to the subject fax that are sent by Dental Fix; (iii) each time, direct anyone to send each fax similar to the subject fax that is sent by Dental Fix; and/or (iv) have specific knowledge each time a fax similar to the subject fax is sent by Dental Fix. (Id. at ¶ 8) In response to Lopez's motion, Plaintiff has filed a motion for leave to conduct jurisdictional discovery and stay briefing on his motion.

In its complaint, Plaintiff alleges the Court has personal jurisdiction over Defendants collectively because "they sent at least one illegal fax into Missouri, … transact[ed] business within [Missouri], … made contracts within [Missouri], … committed tortious acts within [Missouri], including conversion of fax recipients' paper, ink, and toner, and/or … otherwise have sufficient minimum contacts with [Missouri]." (AC at ¶ 10) With respect to Lopez individually, Plaintiff's sole allegation is that Lopez resides in Florida and that his business card identifies him as the "Chief Executive Officer" of Dental Fix Rx, LLC. (AC at ¶ 5) "To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists, which is accomplished by pleading sufficient facts 'to support a reasonable inference that the defendant[ ] can be subjected to jurisdiction within the state.'" K–V Pharm. Co. v. J. Uriach & CIA, S.A., 648 F.3d 588, 591-92 (8th Cir. 2011) (quoting Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072 (8th Cir. 2004)). This bare allegation is insufficient to justify the Court's exercise of personal jurisdiction over Lopez. Having a business card identifying Lopez as the CEO of Dental Fix is not evidence of contacts with Missouri and does not give rise to the inference that he purposefully directed activities at Missouri that caused Plaintiff's alleged injuries.

Jurisdictional discovery is inappropriate when the plaintiff pushes for jurisdiction based only on bare assertions. "When a plaintiff offers only speculation or conclusory assertions about

contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." Viasystems, Inc. v. EBM–Papst St. Georgen Gmbh & Co., KG, 646 F.3d 589, 598 (8th Cir. 2011) (alteration in original; internal quotation marks and citation omitted); see also 1st Tech., LLC v. Digital Gaming Sols. S.A., No. 4:08 CV 586 DDN, 2008 WL 4790347, at *6 (E.D. Mo. Oct. 31, 2008) ("Where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery."); Osborn & Barr Communications, Inc. v. EMC Corp., Inc., No. 4:08CV87 CAS, 2008 WL 341664, at *1 (E.D. Mo. Feb. 5, 2008) (jurisdictional discovery is not appropriate vehicle to uncover evidence supporting jurisdiction; it is plaintiff's obligation "to undertake at least enough minimal investigation prior to filing a complaint as to permit it to allege a basis for jurisdiction in the complaint.") (internal quotation marks and citation omitted). Accordingly, Plaintiff's request for jurisdictional discovery will be denied and Lopez's motion to dismiss for lack of personal jurisdiction will be granted. The dismissal will be without prejudice since Plaintiff may have an opportunity to obtain further discovery at a later point in this litigation and seek leave to amend.

**Motion to stay**

Dental Fix requests this action be stayed pending resolution of its Petition for Retroactive Waiver (the "Petition," Doc. No. 22-1) filed with the Federal Communications Commission ("FCC") on September 11, 2015. Dental Fix argues that the FCC's determination of its Petition will "resolve the threshold legal issue in this case – whether Dental Fix and its agents were required to include an opt-out notice under the TCPA on the fax sent to Plaintiff, which was sent with Plaintiff's prior express consent." Thus, a stay would "promote justice, conserve the resources of the Court and the parties, and avoid inconsistent rulings." (Doc. No. 22 at 4)

In support of its motion, Dental Fix relies on Nack v. Walburg, 715 F.3d 680, 682 (8th Cir. 2013), wherein the Eighth Circuit recognized that the Administrative Orders Review Act ("Hobbs Act"), 28 U.S.C. § 2342 *et seq.*, precluded it from hearing challenges to an FCC regulation at issue and instructed that, on remand, the district court "may entertain any requests to stay proceedings for pursuit of administrative determination of the issues raised." (Doc. No. 22 at 6) Dental Fix asserts it will suffer substantial hardship if a stay is not issued, because it will have to engage in discovery and briefing of issues that will likely be mooted by the FCC's grant of a retroactive waiver. (Id. at 5) In contrast, Dental Fix asserts that Plaintiff will suffer no damage from a stay because the maximum money damages for Plaintiff is fixed at $1,500 per fax and because Dental Fix is collecting and preserving the available documents and data. (Id.) Dental Fix further argues that a retroactive waiver, when granted, together with evidence of Plaintiff's express consent and permission to send the fax at issue, will operate as a complete defense to Plaintiff's TCPA claim. (Id.)

Dental Fix also points to numerous decisions from other district courts, including the Eastern District of Missouri, granting stays in TCPA actions similar to this one, including two TCPA cases filed by Plaintiff herein, pending the FCC's determination of the defendants' petitions for retroactive waiver of 47 C.F.R. § 64.1200(a)(4)(iv), i.e., Nack v. Walburg, No. 10-cv-00478 AGF, 2013 WL 4860104 *1 (E.D. Mo. Sept. 12, 2013) (staying case until final rulings are issued by the FCC on defendants' petition for declaratory ruling and/or waiver); St. Louis Heart Center, Inc. v. Forest Pharmaceuticals, Inc., No. 12-cv-2224 JCH, 2013 WL 3988671 (E.D. Mo. July 17, 2013); St. Louis Heart Center, Inc. v. Gilead Palo Alto, Inc., No. 13-cv-958 JAR, 2013 WL 5436651 (E.D. Mo. Sept. 27, 2013); Suzanne Degnen, D.M.D., P.C. v. Free Continuing Education Association, LLC, No. 4:15-cv-527-RLW (E.D. Mo. June 17, 2015);

Suzanne Degnen, D.M.D., P.C. v. Megadent, Inc., No. 4:15-cv-929-ERW (E.D. Mo. August 31, 2015). (Doc. No. 22 at 6)

Plaintiff opposes a stay, arguing the FCC has no authority to "waive" violations of the regulations prescribed under the TCPA in a private right of action, and that doing so would violate the separation of powers. (Doc. No. 27) In light of the Eighth Circuit's suggestion in Nack, 715 F.3d 680, and in the interests of reaching consistent results in similar TCPA cases, the Court will grant Dental Fix's motion to stay this case. The Court finds Plaintiff will not be unduly prejudiced by a stay.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Dental Fix RX LLC's Motion to Stay [21] is **GRANTED** and this case is **STAYED** until final rulings are issued by the FCC on Dental Fix RX LLC's Petition for Retroactive Waiver, and on any appeals filed in connection with the ruling.

**IT IS FURTHER ORDERED** that every ninety (90) days, beginning **November 4, 2016,** Dental Fix RX LLC shall advise the Court of the status of the proceedings before the FCC and any appeal filed in connection therewith.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Class Certification [25] is **DENIED** without prejudice as premature. Plaintiff may refile this motion, if necessary, after the stay is lifted and pursuant to a Case Management Order entered by the Court.

**IT IS FURTHER ORDERED** that Defendant David Anthony Lopez's Motion to Dismiss for Lack of Personal Jurisdiction or in the Alternative for Failure to State a Claim [12] is **GRANTED** and the complaint is **DISMISSED** as to Defendant Lopez without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Conduct Jurisdictional Discovery and to Stay Briefing and Ruling on Defendant Lopez's Motion to Dismiss for Lack of Personal Jurisdiction [16] is **DENIED.**

**IT IS FINALLY ORDERED** that the Clerk of the Court shall administratively close this case.

Dated this 5th day of August, 2016.

_/s/ John A. Ross_
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE